Fremont-Smith, Thayer, J.
Patrick McPhee retained a contractor to pour concrete for a foundation for his residence. In the course of doing this the plaintiff, an employee of the contractor, was injured when concrete forms, which were being hoisted by a crane, fell on him.[1] He is receiving Worker’s Compensation from his employer’s carrier, and has sued McPhee for negligence.
There is no evidence of any dangerous condition on the premises of which defendant should have been aware. The accident was an entirely unforeseeable fluke, as to which there is no evidence defendant could have prevented its occurrence even had he been present at the site. Nor is there any evidence upon which a jury could find that defendant had retained specific control over the details of the contractor’s work. See Corsette v. Stone Co., 396 Mass. 1, 10 (1985).
At the hearing, plaintiffs counsel conceded that the only evidence of defendant’s negligence is the provision in 780 Code Mass. Regs. §§1.1-3.5 which makes a homeowner who hires a contractor to do such work a “supervisor of the construction.” But St. Germaine v. Pondergust, 411 Mass. 615 (1992), makes clear that this regulation neither creates a new non-delegable duiy nor imposes on the homeowner the role of a licensed construction supervisor.[2] Id., 620-21. Nor does the regulation require a homeowner to be physically present on the site all the time, but only that he be “present at the site at some point to approve construction.” Id.
Accordingly, even if a jury were to be permitted to consider whether McPhee was negligent on these facts (which the Court views as lacking in evidence) there is no way a jury could find, other than by pure speculation, that anything defendant did or failed to do was a proximate cause of the accident.
ORDER
For these and the other reasons stated in defendant’s memorandum in support and at oral argument, defendant Patrick McPhee’s motion for summary judgment is allowed.

It appears that no one noticed that the gate to the cage was not secured by a chain, as it should have been to prevent the gate from opening.

Indeed, the contractor’s employee who was operating the crane was a licensed construction supervisor.